Haynes, J.
In this case a petition in error has been filed by the plaintiff below against the defendant in the court below, for the purpose of reversing the judgment of the court of common pleas which was rendered in favor of the defendant below and against the plaintiff below. The ease went to trial upon what is called the second amended petition and the answer to it, and is a case in which an action was brought by Philip Hartman against the defendant, Kloeppinger, for alleged injuries which were received by the plaintiff while in the employ of defendant, and which injuries occurred by the falling of a certain scaffold that was being used by the workmen of the defendant to stand upon while they were putting in place the outside plates upon a certain building where the defendant had a contract. The plaintiff in error *434 claims that defendant was guilty of negligence in that he did not furnish him with a safe appliance with which to work— that that was not done. He avers that this platform upon which he was called to work, was attached to or held upon the roof by a certain timber into which a hook holding the 'platform was inserted, and that by reason of the defective manner in which this piece of timber was attached to the roof and in which the hook was adjusted to the timber, the timber broke and the scaffold fell, and the plaintiff was injured.
Issue was taken upon this by the defendant, and the case went to trial. Testimony was offered by both parties, and at the close of the testimony, the defendant requested the court to give in charge to the jury certain propositions of law, and the case was argued here mainly upon these requests to charge and the charges which were given by the court, and upon alleged errors in that respect.
The testimony showed, I think, substantially, this state ot facts : That the plaintiff being in the employ of Kloeppinger, who had a contract for the placing of plates upon a certain building, he and two or three other persons who were also in the employ of defendant, were sent down to the building to carry on the work; that they went down to the building, and, in order to carry on the work, it became necessary to place some timbers upon the building for the purpose of supporting a scaffold upon which they were to stand; that thereupon the men themselves went to work and found some timbers which were there about the building, and proceeded to fasten them upon the building, the work being largely done by a man named Hege, but that Hartman was with him assisting him in this; that he held the hooks that supported the platform and adjusted those in their place in the timbers. The timbers were placed upon the roof and fastened by nails, several nails being driven into them, and then there is a hole bored or scooped into this piece of timber, and into that a hook which supports the platform is placed; and, to hold it there, ¡t is customary and usual to fasten the hook with certain wires *435 It is claimed that this had been done at this time. After that adjustment was made Hege got upon the platform, also Hartman, one at one end of the platform and the other at the other, and they commenced to raise the platform to a position where they were to work. After they had got up to the point where they desired to have the platform stop, they stopped, and Hege fastened the rope which he had around the platform in some manner so that it would hold the platform at that place. But Hartman was unable to hold the rope and fasten it at the same time; he could not hold it with one hand, and thereupon he asked Hege to come and assist him, or to hold the rope while he fastened it. Hege went to his assistance, and when he got over at that point the weight of both was .such that the timber above gave way and the platform was precipitated to the ground, and in falling Hartman received severe injuries which resulted in the loss of his leg.
Evidence has been given on the part of the defendant tending to show that the work had been carried on some times in a different manner; but that the workmen desired to have the work done by the use of the scaffold ; and thereupon the defendant went and got an oak plank, such a one as he considered suitable for the purpose, to fasten upon the roof to 'hold the hooks of the platform ; that through this plank holes were bored for the purpose of nailing it to the roof, so that the nails would fasten through and not split the plank, and that he, defendant, purchased a certain class of wire, which was strong, to be used for the purpose of holding the hooks in place; and that he expected that these instrumentalities would be used by the workmen. In fact, the testimony shows that those which were furnished by the defendant were used for a day or two on the first side, but that these workmen not desiring to use them further, or for some other reason, did not use them, but went to work of their own motion and obtained from about the building the planks which were used, and also ■obtained from some place in the building the wires which *436 they used, and which were not the wires which were furnished by defendant. There was testimony offered back and forth tending to show that the defendant, in speaking to the men to go down and go to work there, had spoken to but one of the men, and it was claimed from that fact that he was practically put in charge of the other one by the defendant, Kloeppinger. This was denied on the part of Kloeppinger, and the issue went to the jury, and so with some other matters which were raised. Testimony was given on one side tending to prove one set of facts, and on the other tending to deny that state of facts, and all these questions were left to the jury.
The plaintiff claims that the court, in charging the jury, erred in the giving of two requests to the jury. If I have these correctly numbered, they were numbered 13 and 15. No. 13 reads:
“The jury are instructed, asa matter of law, that Hege was the fellow servant of the plaintiff, and the defendant is not liable for any negligence or carelessness which the evidence may show was committed by him.”
In reference to that part of the charge, it should be observed, first, that the various petitions, and especially the second amended petition on which the ease was tried, declare that the men who accompanied the plaintiff, and the man Hege, who was upon the platform with him, were his fellow servants, and we think the evidence fairly shows that Hege was, as was alleged by the defendant, the fellow servant of the plaintiff, and that there was no evidence tending to show that Hege was placed in a position by defendant where he occupied the position of a superior servant to the plaintiff Hartman, and that therefore there was no question to leave to the jury, and that it was proper for the court, as a matter of law, to state the relations of the parties to each other.
The 15th request was as follows :
“ The only servants of the defendant for whose negligence the defendant is liable in this action, are such as were placed in authority over the plaintiff with power to control and di *437 rect him in the performance of his duties; and if the jury finds from the evidence, that the said Fred. Hofer was not placed by the defendant in authority over the plaintiff, with power to control and direct him in the performance of the duties in which he was then engaged upon the building described in the petition, then the jury are instructed, as a matter of law, that the said Hofer wás not at that time, and for the purposes of that work, the superior of plaintiff, but on the contrary, was his fellow servant, and the defendant is not liable for any negligence or default of said Hofer while so engaged in this work.”
Hofer, I think, was the man who went with these parties to work with them at this time, and it was claimed that Hofer should be treated as a foreman, because he was somewhat older than the others, and that they were in a measure looking up to him. It was claimed also that certain of the directions which were given to the parties were given more particularly to Hofer than to the three or four who went down there with him. The court, at the time the evidence was being given in regard to the statements which were made, stated that the mere fact that a person who was with them was the senior in age of the parties, would not constitute him the foreman of the parties or give him that position. But it is alleged here that upon the facts of the case generally, he was the party who was to give directions in regard to the work, which constituted him such foreman and caused him to be the representative of the defendant.
We think upon a review of the testimony in the case, that the evidence does not disclose such a state of facts as would render either of these parties who were present at that time, the superior of the others. We think the facts really disclose that these three men went down there for the performance of this work; that the defendant had furnished them with the material which was necessary to properly put the platforms on the building, and for them to carry out that work. That when they got there they, of their own motion, took a some *438 what different course; that they took it as joint workmen; they took it as men who had been sent down there to do a certain piece of work, and they went on in their own way, and put up their own platform in the carrying out of that work, and if there was any negligence in the carrying out of the work, it was the negligence of fellow-workmen, and we think that the charge of the court to the jury in regard to Hofer was not erroneous, and that the exception which was taken to it was not well taken.
Hurd & Scribner, for plaintiff in error.
J. K. Hamilton and Barton Smith, for defendant in error.
Now, upon a review of all the facts in the case, it seems to us very clear, that the injury which was received here by this plaintiff, was received by a person who was standing to him in the relation of a fellow servant. There is evidence tending to prove that he was upon the building at the time that these joists were being put down. Hege was the man who was putting them down ; he was the man who was at work alongside of plaintiff, and he was the man who came to his assistance upon the platform; and he is the man whose weight caused thisplatform to fall; and under any aspect of the case, the negligence complained of was not the negligence ofthe defendant. It is urged in argument that the facts proven might constitute the party a special agent, and that the court should have given some instructions upon that point to the jury, and left the question to them for their decision. It is sufficient to say in regard to that, that no request was made by counsel of the court to give instructions of that kind, and the only exceptions that were taken, as we understand it, were taken to'these special instructions.
Under the view which we take of the case, the judgment of the common pleas will be affirmed.